# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEIFVIN MALONE,

        Plaintiff,

    v.                                          Case No. 09-C-1129

ROSIE EICKHOFF,

        Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. #2) AND DIRECTING UNITED STATES MARSHAL TO SERVE THE DEFENDANT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4

        The plaintiff, Keifvin Malone, who is incarcerated at Kettle Moraine Correctional Institution (KMCI), is proceeding *pro se* under 42 U.S.C. § 1983. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Such complaints or portions thereof must be dismissed if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more

usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-

2

pleaded factual allegations, the court must, second, "assume their veracity and then determine *whether* they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, on November 24, 2008, Malone was transferred to KMCI to finish serving the remainder of a 50-month parole revocation term along with a consecutive two-year prison term. Because Malone did not have any program needs to fulfill, on April 14, 2009, he wrote an interview request to defendant Rosie Eickhoff, a Classification Specialist at KMCI, to inquire about the procedure necessary for gaining an early Program Review Committee (PRC) recall so that he could be considered for placement at a secure minimum facility.[1] On April 16, 2009, Eickhoff responded to Malone's inquiry stating that there was no justification for an early recall at that time, that he had not been at KMCI for a year yet, and that it was premature to consider minimum

---

[1] An "early PRC recall" is a request for a Program Review hearing before an inmate's scheduled hearing.

3

placement. However, Eickhoff has recommended minimum placement for other inmates who have not been at KMCI a year.

On October 14, 2009, Malone had a parole hearing on his 50-month parole revocation term resulting in him being paroled from his 50-month revocation term which was set to end October 28, 2009. On this date, Malone was to begin his two-year consecutive prison term. As a result of Malone's satisfactory institution conduct and lack of essential program needs, the Parole Commission endorsed his movement to a minimum facility for the remainder of his two-year prison term. On October 23, 2009, Malone was interviewed by the social worker in preparation for his November 2009, PRC hearing which resulted in the social worker recommending that he be transferred to a minimum facility for the same reasons as the Parole Commission.

On November 11, 2009, Malone had his PRC hearing and defendant Eickhoff denied him a custody reduction recommendation. In PRC hearings prior to and after Malone's PRC hearing, Rosie Eickhoff recommended that similarly situated Caucasian and other non-African American inmates be transferred to a minimum facility.

Malone claims that Eickoff denied him a minimum custody recommendation based on his race and that Eickhoff's actions violated his right to equal protection guaranteed by Fourteenth Amendment to the United States Constitution. For relief, Malone seeks nominal damages, punitive damages, costs, and any other relief the court deems just, proper, and equitable.

"To establish a prima facie case of discrimination under the equal protection clause, [the plaintiff] is required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was

4

treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Race-based classifications in prison are presumptively suspect and subject to strict scrutiny. *Johnson v. California*, 543 U.S. 499, 509 (2005).

In consideration of the allegations discussed above, the court finds that Malone may proceed on an equal protection claim against Rosie Eickhoff. Now, therefore,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $343.19 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the

5

Case 2:09-cv-01129-CNC   Filed 03/19/10   Page 5 of 7   Document 7

prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Charles N. Clevert
> ℅ Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

6

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE